**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WESLEY JEFFERSON
ADC #104933                                                                                                    PETITIONER

VS.                                          5:09CV00375 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Wesley Jefferson. (Docket entry #2.) Respondent has filed a Response (docket entry #7), to which the Petitioner has filed a Reply. (Docket entry #10). Thus, the issues are joined and ready for disposition.

Before addressing the merits of the Petition, the Court will review the relevant procedural history of the case. On November 30, 2006, Petitioner was convicted by a St. Francis County jury of capital murder, aggravated robbery, theft of property, and fleeing in connection with the robbery of a convenience store and the death of an Arkansas State Trooper. *Jefferson v. Arkansas*, 372 Ark. 307, 310, 276 S.W.3d 214, 218 (2008). He was sentenced as follows: life in prison without the possibility of parole for capital murder; 240 months for aggravated robbery; 120 months for theft of

property; and 72 months for fleeing. *Id.* Petitioner's Judgment and Commitment Order was entered on December 1, 2006. (Docket entry #7, Exhibit 1).

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued that: (1) the trial court erred in denying his motion for directed verdict on the charge of capital murder and the relevant lesser included offenses; (2) the trial court erred in denying his motion for mistrial when the prosecutor made improper remarks during closing arguments; (3) the affirmative defense provisions of the capital-murder statute are unconstitutional; and (4) his conviction for fleeing should be reduced from a felony to a misdemeanor. *Jefferson*, 372 Ark. at 310, 276 S.W.3d at 218. On February 14, 2008, the Court affirmed Petitioner's conviction. *Id.* He did not seek certiorari to the United States Supreme Court. (Docket entry #7).

On April 21, 2008, Petitioner filed a Rule 37 Petition in the St. Francis County Circuit Court arguing ineffective assistance of counsel and prosecutorial misconduct. (Docket entry #7, Exhibit 2). On December 17, 2008, the trial court entered an Order denying the Rule 37 Petition. (Docket entry #7, Exhibit 3). Petitioner did not appeal the Order. (Docket entry #7).

On December 8, 2009, Petitioner filed this federal habeas action, in which he asserts three constitutional claims: (1) ineffective assistance of counsel based on his attorney's disclosure to the jury, during opening statements, that Petitioner was guilty; (2) ineffective assistance of counsel because his attorney refused to raise a due process violation; and (3) prosecutorial misconduct for statements made by the prosecutor, during the sentencing phase of his trial, referencing Petitioner's

failure to testify.[1]  (Docket entry #2).

For the reasons explained below, Petitioner's ineffective assistance of counsel claims are barred by the doctrine of procedural default and his prosecutorial misconduct claim fails on the merits.  Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

## II.  Discussion

Respondent argues that all three of Petitioner's habeas arguments are procedurally defaulted because: (1) he failed to raise them on direct appeal to the Arkansas Supreme Court; or (2) he did not appeal the denial of his Rule 37 Petition to the Arkansas Supreme Court.   (Docket entry #7). A petitioner must present his habeas claims to the state's highest court as a prerequisite for federal habeas review. *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (habeas petitioner "must present both the factual and legal premises" of the claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits" - where a petitioner fails to follow applicable state procedural rules in raising claims they are procedurally defaulted).

### A.     *Ineffective Assistance of Counsel Claims*

Neither of Petitioner's ineffective assistance of counsel claims were raised in his direct appeal of his conviction to the Arkansas Supreme Court.  However, in his Rule 37 Petition, filed after the Arkansas Supreme Court affirmed his conviction, he did assert those claims. (Docket entry #7, Exhibit 2).  On December 15, 2008,  the trial court denied the Rule 37 Petition and Petitioner

---

[1] In his habeas petition, Petitioner affirmatively argues that the prosecutor's statements were made during the sentencing phase of his trial. (Docket entries #2, #10).  However, when Petitioner raised this argument in his Rule 37 Petition, he argued that the statements were made at trial, during closing arguments.

did not appeal. (Docket entry #7, Exhibit 3). Therefore, neither of the ineffective assistance claims were ever presented to the Arkansas Supreme Court. See, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(state prisoner is required to present his claims through "one complete round of the State's established appellate review process"); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)(failure to properly appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default). Accordingly, both of those claims are now procedurally defaulted.

Notwithstanding this procedural default, the Court can still reach the merits of these claims if Petitioner demonstrates the "cause and prejudice" or "actual innocence" exceptions to the procedural default rule. *See Watts v. Norris,* 356 F.3d 937, 941 (2004). To establish "cause," the petitioner must "show some objective factor external to the defense" impeded his ability to comply with state procedures. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

Petitioner argues that he did not appeal his Rule 37 Petition because he never received any notice that the trial court denied relief. (Docket entry #11). Petitioner has not provided any evidence that he inquired into the status of his Rule 37 Petition and, after he did find out that his Rule 37 Petition had been denied, he did nothing to bring the alleged "lack of notice" to the attention of the trial court, by filing a motion for belated appeal. *White v. State*, 2008 WL 538489 (Ark. 2008) (unpublished *per curiam*) (on motion for belated appeal the Arkansas Supreme Court remanded to the trial court for an evidentiary hearing to determine whether circuit clerk delayed filing notice of appeal in Rule 37 proceeding until after its receipt); *Love v. State*, 2007 WL 24856 (Ark. 2007) (unpublished *per curiam*) (granting motion for belated appeal following untimely notice of appeal

where petitioner made a showing that he did not receive timely notice of the order denying Rule 37 relief).

Petitioner also claims that he did not seek certiorari because he "had never heard of the word." *Id.* The Eighth Circuit has held on several occasions that a *pro se* petitioner's unfamiliarity with the law is not a basis for invoking the cause and prejudice exception to the procedural default rule. *See, e.g., Sherron v. Norris*, 69 F.3d 285, 289 (8 th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir.1992).

Petitioner's final "cause" argument is that, because he had "no say so in what was argued" in his direct appeal, he did not know that his ineffective assistance of counsel claims had not been included. (Docket entry #10). Petitioner does not provide any evidence to support his argument that he was not consulted regarding his direct appeal. Furthermore, ineffective assistance of counsel can constitute cause sufficient to excuse a procedural default only if the habeas petitioner properly raised the ineffectiveness claim in state court. *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002).

Because Petitioner did not appeal his Rule 37 Petition, effectively precluding the Arkansas Supreme Court from deciding his ineffective assistance claims, he cannot rely on the alleged ineffectiveness of his appellate counsel as cause to excuse his procedural default. Thus, the Court concludes that Petitioner has failed to make a showing sufficient to invoke the cause and prejudice exception to the procedural default rule.

Finally, Petitioner makes the conclusory argument that he is "actually innocent" of his convictions but does not point to any new evidence of factual innocence. In order to establish a valid claim of actual innocence, a defendant must come forward with new evidence to support that

claim, rather than merely argue the legal insufficiency of the evidence used to convict him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995)(petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.")

## B. *Prosecutorial Misconduct*

Finally, Petitioner argues that his conviction was based on prosecutorial misconduct. Specifically, he contends that, during the sentencing phase of his trial, the prosecutor referred to his failure to testify.[2]  (Docket entry #2).

A prosecutor may not directly comment on a defendant's failure to testify. *Griffen v. California,* 380 U.S. 609, 615 (1965).  Further, "[i]ndirect comments constitute a constitutional violation if they manifest the prosecutor's intent to call attention to a defendant's failure to testify or would be naturally and necessarily taken by a jury as a comment on the defendant's failure to testify." *Graham v. Dormire*, 212 F.3d 437, 439 (8th Cir. 2000).  However, in order to warrant habeas corpus relief, such comments "must be so inappropriate as to make the trial fundamentally unfair." *Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006); *see also Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999).  Finally, there must be a "reasonable probability" that the error affected the jury's verdict and that, without the error, the jury's verdict would have been different. *Id.*

Here, the statement at issue was the prosecutor's comment, that, "there has been no denial

---

[2]In his Response, Respondent argues that this claim is procedurally defaulted because Petitioner "alleged that the prosecutor 'made various improper closing arguments' at trial but never argued to the Arkansas Supreme Court that the prosecutor had somehow improperly referenced his right not to testify during his sentencing phase closing argument."  (Docket entry #7).  Respondent's argument is without merit.  In Petitioner's direct appeal, he specifically quoted the alleged statement constituting the prosecutorial misconduct, and argued that the "comment was an unacceptable incursion into his Fifth Amendment right not to testify at trial." *Id.*  Thus, the Court must evaluate this claim on its merits.

that the defendant is not the person armed with the weapon." *Jefferson,* 372 Ark. at 318, 276 S.W.3d at 223. This statement was not a direct comment on the Petitioner's failure to testify. At best, it might have caused some jurors to speculate about why no one, including Petitioner, took the stand to deny that he was "the person armed with the weapon." *See Graham v. Dormire*, 212 F.3d at 439.

The Arkansas Supreme Court held that the prosecutor's comment was not intended to refer to Petitioner's failure to testify, but instead, was in response to his attorney's remarks during opening statements. The Court summarized defense counsel's opening remarks as:

> [d]efense counsel remark[ed]...that he was "not going to insult your intelligence," and that the jury was likely to convict [Petitioner] of "theft by receiving of the car" and fleeing. Further, defense counsel stated that it was "also highly likely you would convict him of doing something illegal, wrong, at the store whether you determine it's aggravated robbery or whether you possibly determine it's a so-called simply robbery, or whether you determine it's something else, but I assume...you will find him guilty of some offense there, and punish him appropriately for that"

*Id.*

Under *Rousan*, a federal court must consider whether the arguments made by the prosecutor infected the trial with enough unfairness to deny the petitioner due process. 436 F.3d at 960. Given the admissions made by defense counsel in his opening statement, the remark made by the prosecutor during the sentencing phase of the trial was not sufficient to deny Petitioner due process. Furthermore, the Court cannot find a "reasonable probability" that, absent the prosecutor's remarks, the jury's decision would have been different. *See Newlong v. Armontrout*, 885 F.2d 1328, 1336-37 (8th Cir. 1989). Accordingly, the Court concludes that Petitioner's prosecutorial misconduct argument is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2254 (docket entry #2) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 7th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE